*In re* MARRIAGE OF KENNETH REX STEVENS, Petitioner-Appellee, and ANITA RUTH STEVENS, Respondent-Appellant.

Fifth District   No. 5—88—0396

Opinion filed May 11, 1989.

Donald E. Irvin, of Mt. Vernon, for appellant.

Marilyn B. Resch, of Parker, Siemer, Austin, Resch & Resch, of Effingham, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Anita Ruth Stevens (Anita) appeals from the judgment of the circuit court of Crawford County awarding custody of her son to Kenneth Rex Stevens (Rex). We affirm.

Anita and Rex were married in 1979. One child, Brice Cole Stevens (Cole), was born of this marriage on January 24, 1983. The parties' marriage subsequently was dissolved, and Rex and Anita were awarded joint custody of Cole on May 20, 1986. On October 30, 1987, Anita filed a petition for permission to remove Cole from Illinois and to modify the joint custody order. Anita had remarried and planned to move to Florida with her new husband and two children from a previous marriage. On January 1, 1988, Rex filed his response and counterpetition to modify custody. On May 19, 1988, the trial court, after accepting a stipulation by the parties that joint custody should be terminated and that a substantial change in circumstances had occurred warranting a change in custody arrangements, began a three-day hearing on the issue of custody. The trial court determined it was in Cole's best interest for custody to be awarded to his father, Rex.

Anita argues on appeal the trial court lacked jurisdiction to hear either party's petition to modify custody because the requirements of section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 610(a)) were not met. Section 610(a) states: "Unless by stipulation of the parties, no motion to modify custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health." (Ill. Rev. Stat. 1987, ch. 40, par. 610(a).) Anita claims no stipulations were made before the parties' petitions were filed, nor did the trial court determine that their petitions could be filed prior to the expiration of the two-year statutory period. In addition, the hearing began before the expiration of the two-year period. Consequently, Anita argues everything that occurred was and is null and

void. We cannot accept Anita's position. Section 610(a) does not specify at what point stipulations by the parties must be made or entered. Once the parties stipulated prior to the beginning of the hearing that joint custody should be terminated and a substantial change in circumstances had occurred, compliance with the requirements of section 610(a) had been met. Quite simply, what is required is the stipulation, not its precise timing. More importantly, Anita failed to object to this allegedly improper proceeding and sat through the hearing without objection to the timing of the stipulations until an adverse judgment was rendered. Anita cannot now complain, especially when she initiated the custody modification in the first place. That the parties elected essentially to forego the protections of section 610(a) and proceed on the merits does not render the decision void. Such jurisdictional requirements clearly can be waived. (See *In re Custody of Sexton* (1981), 84 Ill. 2d 312, 319-22, 418 N.E.2d 729, 732-34.) In any event, whether or not the stipulations were timely filed, two of the three days of hearing were held after the expiration of the two-year statutory period, thereby obviating the need to comply with the requirements of section 610(a) and ensuring proper jurisdiction in the trial court under these circumstances. See *In re Custody of Dykhuis* (1985), 131 Ill. App. 3d 371, 373, 475 N.E.2d 1107, 1109.

Anita also argues the ruling of the trial court awarding custody of Cole to Rex is against the manifest weight of the evidence. Again, we cannot agree. The determination of child custody rests largely in the broad discretion of the trial court, for it alone is in the best position to hear and evaluate all of the evidence, assess the credibility of the parties and determine the needs of the child. (See, *e.g., In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 498-99, 485 N.E.2d 367, 370-71; *In re Marriage of Drummond* (1987), 156 Ill. App. 3d 672, 681, 509 N.E.2d 707, 713-14.) The overriding consideration necessarily is the best interests and welfare of the child, not the desires of the individual parents. (See *Jines v. Jines* (1978), 63 Ill. App. 3d 564, 568-69, 380 N.E.2d 440, 443.) Here, the trial court found that Cole's best interests would be served by awarding custody to his father in order to provide for continuity and stability of environment. We cannot say the trial court abused its discretion in this instance.

■ By awarding custody to Rex, Cole will be able to remain in the area he has grown up in and is familiar with; he will be able to continue living in the house he has lived in since birth; he will keep the same baby-sitter he has had since he was seven months old; and he will be able to maintain close contact with friends and relatives. If

Cole were to move to Florida, all that is familiar would be gone. While such a change normally is not devastating for a child, when both parents are fit and proper, it makes little sense to disrupt the child's life any more than necessary in the wake of a dissolution of marriage and division of the family. In addition, all evidence revealed Cole has an unusually close relationship with his father, and Cole's stated preference, while only one factor to be considered, was to remain with his father. We also note Anita was granted liberal visitation in order to ensure a continuing relationship with her and Cole's half siblings. Because Rex offers Cole more continuity and a more stable home environment, the award of custody to Rex is not against the manifest weight of the evidence. Consequently, we find no abuse of the trial court's discretion in this instance. See *In re Marriage of Ramer* (1980), 84 Ill. App. 3d 213, 405 N.E.2d 401; *Jines*, 63 Ill. App. 3d 564, 380 N.E.2d 440. See also *Drummond*, 156 Ill. App. 3d 672, 509 N.E.2d 707.

■ Anita argues, however, because Cole is so young he should stay with his mother. The "tender years presumption," while of questionable current validity (see *Jines*, 63 Ill. App. 3d at 569, 380 N.E.2d at 443), is at most only one factor to be taken into account by the court in determining the best interests of the child. (See *Ramer*, 84 Ill. App. 3d at 217, 405 N.E.2d at 404.) Moreover, no natural equities exist in favor of a mother who will be working and will not remain full time in the home. *Jines*, 63 Ill. App. 3d at 569, 380 N.E.2d at 443.

■ Anita next asserts Cole's best interests would be better protected if she were awarded custody because of Rex' racing activities. Anita argues Rex spends a great deal of time in connection with and in preparation for drag racing and, in addition, cannot properly supervise Cole in the pit area when he is racing. The evidence, however, reveals that Rex participates in approximately seven to nine races a year. Most of these involve nostalgia events which require less time and preparation on Rex' part. In addition, other members of Rex' family and friends also attend the races and supervise Cole in the pit area while Rex is racing. Anita presented no evidence of negligent supervision, only her unwarranted fears and suspicions.

■ Anita also takes issue with Rex' relationship with his current girlfriend, who he does not intend to marry at the present time. Anita believes this relationship is detrimental to Cole's well-being. Rex testified, however, all encounters occurred when Cole was not at home. In addition, the evidence shows that Cole and Rex' girlfriend get along well together. Moreover, Anita has little room to complain

when the evidence indicates she engaged in similar conduct prior to her third marriage.

For the aforementioned reasons, we affirm the judgment of the circuit court of Crawford County awarding custody of Cole to Rex Stevens.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.