*In re* MARRIAGE OF JODY MICHAEL OROS, Petitioner-Appellee, and PENNY SUE OROS, n/k/a Penny Sue Culp, Respondent-Appellant.

Fourth District    No. 4—93—0324

Opinion filed January 27, 1994.

Richard W. Hopp, of Fuller, Hopp, McCarthy, Quigg & Byers, of Decatur, for appellant.

No brief filed for appellee.

JUSTICE COOK delivered the opinion of the court: On August 17, 1990, the marriage between petitioner Jody Oros (father), and respondent, Penny Sue Oros, now Penny Sue Culp (mother), was dissolved pursuant to the *pro se* petition of the parties. Prior to the entry of judgment, the parties filed a stipulation agreeing to alternating three-month residential custody of the minor child born of the marriage. The judgment of dissolution provided for the joint care, custody, and control of the minor child, then 14 months old, and named the father as primary custodian, but included no specification of the respective three-month custodial periods. At a subsequent hearing the judgment was clarified to reflect the parties' agreement and course of conduct in alternating residential custody of the child every three months. Under this arrangement neither party paid any child support.

On December 7, 1992, the mother filed a petition for modification alleging it to be in the best interests of the child that she be named primary custodian and the father's right of reasonable visitation be fixed, in effect seeking sole residential custody of the child. No affidavits accompanied the petition. Following a hearing wherein

both parties presented evidence, the court denied the petition, finding the mother had failed to present the clear and convincing evidence required to modify the joint custody arrangement. The mother appeals, alleging the judgment was against the manifest weight of the evidence.

We note initially that no appellee brief has been filed; however, we choose to review this case pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495. The mother's sole contention on appeal is that the court erred in finding she had failed to prove her petition for modification by clear and convincing evidence. A petition to change the primary custodian of the child, though not a petition to revoke joint custody, is a modification governed by section 610 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 610). (*In re Marriage of Noble* (1989), 192 Ill. App. 3d 501, 506, 548 N.E.2d 518, 520; see *In re Marriage of Friedman* (1981), 100 Ill. App. 3d 794, 803, 427 N.E.2d 261, 267.) Once the trial court has determined modification is required by clear and convincing evidence, the reviewing court will not disturb that decision unless it is contrary to the manifest weight of the evidence. *In re Marriage of England* (1987), 158 Ill. App. 3d 1005, 1009, 512 N.E.2d 95, 98; *In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 499, 485 N.E.2d 367, 371.

Section 610(a) of the Act provides that, absent stipulation of the parties, "no motion to modify a custody judgment may be made earlier than 2 years after its date" (Ill. Rev. Stat. 1991, ch. 40, par. 610(a)), unless (1) affidavits are filed, and (2) those affidavits indicate the child's present environment may endanger seriously his physical, mental, moral or emotional health. Section 610(b) of the Act provides that in any case a court "shall not modify a prior custody judgment unless it finds" (1) by clear and convincing evidence, (2) based on facts arising since the prior judgment or previously unknown to the court, (3) that a change has occurred in the circumstances of the child or his custodian (in joint custody cases either custodian), and (4) that modification is necessary to serve the best interests of the child. Cases decided under previous versions of the Act have indicated that section 610 establishes "jurisdictional prerequisites" which must be complied with before a court proceeds to consider the best interest of the child. (*In re Marriage of Gargus* (1981), 97 Ill. App. 3d 598, 605, 423 N.E.2d 193, 198; see also *In re Custody of Dykhuis* (1985), 131 Ill. App. 3d 371, 373, 475 N.E.2d 1107, 1109.) Even if the requirements of section 610 of the Act are described as "jurisdictional," they may be waived. (*In re Marriage of Stevens* (1989), 183 Ill. App. 3d 160, 162,

538 N.E.2d 1279, 1281; see *Noble,* 192 Ill. App. 3d at 508, 548 N.E.2d at 522 (affidavits not filed but primary custodian waived issue by participating in hearing and not citing correct statute in support of dismissal).) We would not describe the provisions of section 610 as jurisdictional, although they do constitute "controlling statutory law." (*In re M.M.* (1993), 156 Ill. 2d 53, 75, 619 N.E.2d 702, 714 (Miller, C.J., concurring).) A court generally does not lose jurisdiction because it makes a mistake in determining the law. (*People v. Davis* (1993), 156 Ill. 2d 149, 156, 619 N.E.2d 750, 754.) There is a legislative policy against modification of custody judgments because of the importance of stability in a child's life and the belief that finality is more important than determining which parent is truly the better custodian. (*Noble,* 192 Ill. App. 3d at 508, 548 N.E.2d at 522.) In the present case the original custody award itself resulted in instability for the child, and modification would best serve the statutory policy underlying section 610, even if it were difficult to point to a clear change in circumstances since the original award.

The mother (who had remarried and moved to Bloomington, Illinois) presented evidence that the father did not completely exercise his period of residential custody from July 1, 1991, until September 30, 1991, but instead returned the child to the mother on August 4, 1991. The father (who had also remarried and resided in Mt. Zion, Illinois) testified he returned the child because the child was having emotional problems from being switched back and forth. There was disputed evidence the father did not exercise his entire period of residential custody during the first quarter of 1992. During the period each parent had residential custody the other parent exercised weekend or alternate-weekend visitation, although the mother claims the father missed a few visitations when the child was in her physical custody, and the father limited the mother to alternate weekend visitation after her petition was filed. The mother expressed concern with the lack of continuity in the child's preschool placement and attempted to put on evidence regarding anticipated problems when the child started kindergarten the following year. The court disallowed all testimony as to future events which might impact the interests of the child.

Once again, we have before us a joint custody arrangement which has not comported with the parties' expectations and has instead become a source of conflict and undoubted distress to the child. We have expressed our disfavor of joint custody arrangements, which in all but rare instances engender dissension between the parties and instability in the child's environment. (See *In re Marriage of Bush* (1989), 191 Ill. App. 3d 249, 263, 547 N.E.2d 590, 598; *In re Marriage*

*of Drummond* (1987), 156 Ill. App. 3d 672, 679-80, 509 N.E.2d 707, 712-13; *In re Marriage of Pool* (1983), 118 Ill. App. 3d 1035, 1037-38, 455 N.E.2d 887, 889; *In re Marriage of Manuele* (1982), 107 Ill. App. 3d 1090, 1094, 438 N.E.2d 691, 694.) For joint custody to work, for it to benefit the child, a level of cooperation unusual in divorced parents is required. That level of cooperation certainly does not appear to be present in this case. We note that no joint-parenting agreement was entered at the time of the judgment of dissolution as required by section 602.1 of the Act (Ill. Rev. Stat. 1991, ch. 40, par. 602.1). The parties were, of course, disadvantaged by their shortsighted decision to obtain a judgment of dissolution without legal counsel.

The form of joint custody order employed here is particularly disfavored. (*Davis v. Davis* (1978), 63 Ill. App. 3d 465, 470, 380 N.E.2d 415, 418 ("Rarely does the 'Solomonic' approach to custody [dividing the baby in half] inure to the benefit of the young child").) In this case, for over three years the child has been rotated every three months between his parents' residences in different cities. He has been subjected to a merry-go-round of changing preschools, doctors, playmates, households and environments. Apparently, each party expected the child to adapt to, and identify with, each locale and household as "home." There is evidence the child suffered emotional problems linked to this rotational existence. As each year passes, there is an increasing danger that the lack of a fixed home base will foster in the child deepening insecurity and a sense of transience in all social relationships. It is noteworthy that both parties, and the trial judge, expressed dissatisfaction with the current arrangement. The mother, of course, brought the petition to modify the alternating physical custody. The father at some point recognized a detrimental effect on the child and returned him to the mother's residence. The court's order denying the petition included an addendum advising the parties that an accord must be reached on sole custody in the future as it would not tolerate switching the child from school district to school district every three months. This alternating custody order has already had an adverse impact on this child, but even if we agreed there would be no impact until the child entered school, that event is imminent. It is clear that a change has occurred in the circumstances of the child and that modification is necessary to serve his best interests. Once the issue of custody was placed before the court, the court possessed broad discretion to alter custody or visitation rights to the extent required by the child's best interests. (*In re Marriage of Stanley* (1985), 133 Ill. App. 3d 963, 971, 479 N.E.2d 1152, 1157.) We find the trial court abused its discretion under these circumstances in allowing the shifting physical custody of the child to continue.

We reverse the order denying the petition for modification and remand to the circuit court to hear evidence and enter an order vesting sole custody in one or the other parent.

Reversed and remanded with directions.

McCULLOUGH, P.J., and STEIGMANN, J., concur.