*In re* MARRIAGE OF WILLIAM RUSSELL DEEM, Petitioner-Appellee, and JODI L. DEEM, Respondent-Appellant.

Fourth District   No. 4—01—0546

Opinion filed March 15, 2002.

APPLETON, J., specially concurring.

Kristen H. Fischer, of Fischer & Wozniak, P.C., of Urbana, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent Jodi L. Deem (hereinafter Jodi) appeals the judgment of the circuit court of Douglas County dissolving her marriage to petitioner, William Russell Deem (hereinafter William). The parties have one child, Stephanie Ann Deem, born March 4, 1997. The issues

on appeal are whether the trial court's awards of child custody, visitation, and child support amounted to an abuse of discretion. We affirm in part, reverse in part, and remand with directions.

William did not file an appellee's brief. However, the record is simple and the claims raised are such that this court can decide them without the aid of an appellee's brief. Therefore, we consider the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

██ We initially consider the issues relating to custody and visitation. A reviewing court will not set aside the trial court's ordered custodial and visitation arrangements unless they are against the manifest weight of the evidence, manifestly unjust, or resulted from a clear abuse of discretion. *Stockton v. Oldenburg*, 305 Ill. App. 3d 897, 906, 713 N.E.2d 259, 266 (1999). In this case, the trial court found that joint custody was not appropriate, and Jodi does not challenge that finding. The factors for determining custody in accordance with the best interests of the child are set forth in section 602 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/602 (West 2000)). Section 607(a) of the Act provides that, unless the court finds that visitation would endanger seriously the child's physical, mental, moral, or emotional health, a parent not granted custody is entitled to reasonable visitation. 750 ILCS 5/607(a) (West 2000).

Stephanie was three years old at the time the judgment of dissolution was entered on March 1, 2001. After concluding that joint custody would not be prudent and would not likely succeed, the trial court awarded custody and control of Stephanie to Jodi. The trial court's judgment kept in place the temporary order as to custody, which provided joint custody, until the start of kindergarten in the fall of 2001. The trial court did not explain why it kept the order for joint custody for that period of time after its judgment found that joint custody was not appropriate. Although the trial court's judgment did not award custody and control of the child to Jodi until the commencement of prekindergarten in fall of 2001, any issue or argument as to the question of joint custody is now moot. See *Wilson v. Jackson*, 312 Ill. App. 3d 1156, 1162-63, 728 N.E.2d 832, 837 (2000) (an issue is moot when intervening events render it impossible for a reviewing court to grant effectual relief to the complaining party).

The March 1, 2001, judgment provided that when the child "commences pre-kindergarten in fall, 2001, the care, custody and control" of the child is granted to Jodi. A holiday visitation schedule was set. The trial court also provided for specific custody and visitation to William, commencing with the summer after the 2001-02 school year. William was to "have custody *** from the day after school is out until

one week prior to commencement of school in the fall" subject to each party's right to "two uninterrupted weeks with the child" and alternate weekend and weeknight visitation. While William had Stephanie for the summer, the judgment of dissolution provided that Jodi pay child support.

Jodi challenges this award of summertime "custody and visitation" to William. The judgment provides a form of alternating or rotating custodial arrangement rather than simply giving William expanded visitation during the summer, even though the judgment of dissolution designated Jodi as the custodial parent.

■ Generally, the custodial parent has the right to make decisions about the child's upbringing, education, health care, and religious training. *In re Marriage of Duffy*, 307 Ill. App. 3d 257, 260, 718 N.E.2d 286, 289 (1999); 750 ILCS 5/608(a) (West 2000). Alternating or rotating custodial arrangements are viewed with disfavor, particularly with young children, as they tend to appease the selfish desires of the parties while denying the child a permanent and stable home environment. *Davis v. Davis*, 63 Ill. App. 3d 465, 470, 380 N.E.2d 415, 418 (1978). We recognize that in *Davis* the custodial arrangement was different than that granted in the case at bar because in *Davis* there were custodial shifts during the school year. We also recognize that in *In re Marriage of Dullard*, 176 Ill. App. 3d 817, 821-22, 531 N.E.2d 854, 857-58 (1988), the court upheld a custodial arrangement for youthful children wherein one parent had custody of the children for the school year and the other had custody of the children for the summer. However, alternating custodial arrangements have been looked upon with disfavor unless the child is mature enough to cope with the custodial arrangement and visitation is difficult to organize because of the child's activities. See *In re Marriage of Divelbiss*, 308 Ill. App. 3d 198, 209-10, 719 N.E.2d 375, 383 (1999).

This court has recognized that the problem with alternate custodial arrangements is the potential development of insecurity and a sense of transience in social relationships in the child occasioned by the change of households and environments, playmates, and health-care providers. See *In re Marriage of Oros*, 256 Ill. App. 3d 167, 170, 627 N.E.2d 1246, 1249 (1994) (disapproving a joint custodial arrangement that shifted a preschool child between the parties every three months). "The order must give some permanency to the physical custody of the children and not simply attempt to equalize the time the children spend with each parent." *In re Marriage of Swanson*, 275 Ill. App. 3d 519, 524, 656 N.E.2d 215, 219 (1995). In *Swanson*, this court disapproved a twice-a-month shift of custody as not being in the children's best interests. *Swanson*, 275 Ill. App. 3d at 525, 656 N.E.2d

at 220. In this case, the trial court specifically found that joint custody was inappropriate. While the Act contemplates a certain flexibility in the trial court's custody determinations, that flexibility has limits. *In re Marriage of Ivey*, 261 Ill. App. 3d 200, 207-08, 632 N.E.2d 1121, 1126 (1994).

In the case at bar, the trial court's judgment provides William liberal visitation, including half of the Christmas vacation period; half of the spring vacation period; alternate weekends from 5 p.m. Friday to 8 a.m. Monday, unless Monday is a school holiday, then the weekend shall be continued until Tuesday morning at 8 a.m.; every other Wednesday from 5 p.m. until 8 p.m.; Father's Day; alternate visitation on the child's birthday; and reasonable telephone access. Jodi does not challenge the visitation provisions in the judgment of dissolution with the exception of giving William *de facto* custody for the entire summer. Jodi resides in Newman, Illinois, and Stephanie will be attending school in the Newman school district, while William lives in Tuscola, Illinois. The home and background study report admitted into evidence recommended that Jodi "be named as primary custodial parent." The study found both parents fit. The report did refer to a 1989 driving under the influence (DUI) and William's loss of license for one year, a May 2000 arrest for DUI and a subsequent plea to reckless driving, and an evaluation of high-risk problem drinking. It was recommended that William be ordered to undergo counseling with a certified alcohol-treatment counselor and to file progress reports with the court on a quarterly basis. The study further found that the liberal visitation schedule should continue.

■ Custody orders deal with the best interests of the child and not the best or selfish interests of the parents. *Davis*, 63 Ill. App. 3d at 470, 380 N.E.2d at 418. The trial court's award of "custody" to William from the day the child is out of school for the summer was an abuse of discretion, and we reverse it. The determination of William's summer visitation and the extent thereof shall be left to the discretion of the trial court upon remand.

■ We next consider the issues relating to child support. Child support is a matter within the sound discretion of the trial court, and this court will not disturb the trial court's determination absent an abuse of discretion. *In re Marriage of Tietz*, 238 Ill. App. 3d 965, 978, 605 N.E.2d 670, 680 (1992). Section 505 of the Act provides for the imposition of child-support obligations and sets forth a statutory basis for determining the amount of child support; in the case of one child, the minimum amount is 20% of the supporting parent's net income. 750 ILCS 5/505(a)(1) (West 2000). The trial court may deviate from the statutory guidelines only if it expressly states the reason or reasons for the variance from the guideline. 750 ILCS 5/505(a)(2) (West 2000).

The trial court determined that William's net weekly income was $540.67 and Jodi's net weekly income was $243.75. Jodi does not challenge these findings. Commencing the fourth Friday in August 2001, William was directed to pay $108 per week child support from the fourth Friday in August to and including the last Friday in May each year. The dissolution judgment directed that Jodi pay $49 per week from the first Friday in June to and including the third Friday in August each year.

■ Having reversed the award of custody to William for the summer, we need not discuss whether the trial court erred in ordering Jodi to pay $49 per week as child support during the summer. Because the provision requiring Jodi to pay child support during the summer was related to the award of custody to William, we reverse the provision in the judgment directing Jodi to pay $49 per week during the summer. We also reverse that portion of the order that directs William not to pay child support during the summer and remand for reconsideration by the trial court.

■ We next address Jodi's contention that the trial court's failure to order child support from the date of judgment, March 1, 2001, to the "fourth Friday in August, 2001" was an abuse of discretion. The trial court's judgment does not explain why no child support was ordered to be paid until the fourth Friday in August 2001. Child support is an obligation the parents owe for the benefit of the child, and the parents may not by agreement deprive the child of that support. *In re Marriage of Florence*, 260 Ill. App. 3d 116, 121, 632 N.E.2d 681, 685 (1994). Even in cases involving joint custody, when a primary physical custodian has been designated, the trial court has an obligation to award child support or explain its downward deviation from the statutory guidelines. See *In re Marriage of Demattia*, 302 Ill. App. 3d 390, 393-96, 706 N.E.2d 67, 69-71 (1999). The temporary order which was extended to the start of fall kindergarten 2001 provided for alternate seven-day periods of custody. William was responsible for child-care expenses and neither party was required to pay support to the other. The child-care expense, according to Jodi's attorney, is the responsibility of William at the rate of $75 a week and "[t]here would be no other moneys between the parties being exchanged." The record fails to show that the trial court addressed the reasons for not setting child support. However, because the trial court's order provided for alternate weeks of custody and placed the responsibility for the $75 weekly day-care expenses upon William, the trial court did not commit an abuse of discretion in failing to further address child support.

We reverse the provisions in the judgment of dissolution (1) granting William custody of Stephanie during her school's summer break,

and (2) directing Jodi to pay $49 per week for child support during those periods of the summer while authorizing William to discontinue paying child support during those periods of the summer. In all other respects, we affirm the dissolution judgment. The cause is remanded for further proceedings on the issues of child support and summer visitation consistent with this decision.

Affirmed in part and reversed in part; cause remanded with directions.

KNECHT, J., concurs.

JUSTICE APPLETON, specially concurring:

I concur in the result reached by the majority but would make it clear that the division of time spent with the child during the summer months is well within the trial court's discretion. I agree that such a division of time should not be called legal custody as opposed to physical custody. However, by reversing the trial court's verbiage, we should not give the impression that we reverse the schedule imposed.