(No. 64119.—)

THE PEOPLE *ex rel.* LIONEL I. BRAZEN, Appellee, v. MORGAN M. FINLEY, Circuit Clerk, *et al.*, Appellants.

*Opinion filed February 11, 1988.*

SIMON, J., took no part.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Susan Condon, Assistant State's Attorney, of counsel), for appellants.

Lionel I. Brazen, of Chicago, appellee *pro se.*

Jerold S. Solovy, Barry Sullivan, Raymond T. Reott and Bruce A. Boyer, of Jenner & Block, of Chicago, for *amicus curiae* Special Commission on the Administration of Justice in Cook County.

Richard L. Thies, of Springfield, and Jeffrey W. Williams, of Chicago, for *amicus curiae* Illinois State Bar Association.

David P. Pasulka, of Barclay, Damisch & Sinson, Ltd., and Joseph G. Phelps, of Rinella & Rinella, Ltd., both of Chicago, for *amici curiae* Decalogue Society of Lawyers and the North Suburban Bar Association.

JUSTICE MILLER delivered the opinion of the court:

Plaintiff Lionel Brazen filed suit in the circuit court of Cook County against Morgan Finley, clerk of the circuit court of that county, and Douglas Curtis, one of his employees, seeking a writ of *mandamus* to compel the

defendants to accept a petition for dissolution of marriage unaccompanied by an affidavit required by Cook County circuit court Rule 0.7. After a hearing on the defendants' motion to dismiss, the trial court allowed the motion to dismiss, finding that Rule 0.7 related to the business of the circuit court. The appellate court reversed (146 Ill. App. 3d 750), and we granted the defendants' petition for leave to appeal (107 Ill. 2d R. 315). Leave was granted to the Special Commission on the Administration of Justice in Cook County to appear as *amicus curiae* in support of the rule. The Illinois State Bar Association, Decalogue Society of Lawyers and the North Suburban Bar Association were granted leave to appear as *amici curiae* in opposition to the rule.

Plaintiff, a licensed attorney, attempted to file a petition for dissolution of marriage on behalf of a client with the clerk of the circuit court of Cook County. The clerk refused to accept the petition because it was not accompanied by an affidavit of compliance with certain ethical rules as required by Cook County circuit court Rule 0.7. When adopted on May 17, 1976, the rule applied to only personal injury and domestic relations actions, but was amended effective July 1, 1984, to include criminal, quasi-criminal and traffic actions. Rule 0.7 states:

"(a) The unethical solicitation of employment by or on behalf of any attorney and the payment of commissions, living expenses or other gratuities in connection with such employment, is prohibited.

(b) The Affidavit of Compliance with this rule is required in all criminal, quasi criminal, traffic, personal injury and domestic relations actions and shall be in the form furnished by the clerk of the Circuit Court of Cook County. Attorneys representing governmental bodies shall not be required to file the affidavit.

(c) The affidavit shall be filed by counsel when an appearance or initial pleading is filed.

(d) Pleadings unaccompanied by such an affidavit shall not be accepted by the Clerk."

The affidavit which the rule refers to provides:

"AFFIDAVIT OF COMPLIANCE WITH RULE 0.7

_____ on oath states:
　　　　[Affiant]

(1) He is (a member of the law firm which is) the attorney of record for _____
　　　　　　　　　　　　(here insert all parties represented
_____ and has knowledge of the matters covered by affiant)
by this affidavit and has read Rule 0.7 of the Rules of the Circuit Court of Cook County.

(2) He has not directly or indirectly solicited employment by the above-named party or parties, and knows of no solicitation of said party or parties by any person that has resulted in the employment of the affiant, (or his firm), except (here state all exceptions, OR IF NONE, STATE 'NO EXCEPTIONS'): _____.

(3) He has not paid, nor promised to pay, the medical, living or other expenses of any party, and knows of no payment or promise of payment on his behalf or on behalf of his firm to the above-named party or parties, except, (here state all exceptions, OR IF NONE, STATE 'NO EXCEPTIONS'): _____.

(4) No part of any attorney's fee or any portion of recovery by suit or settlement here has been paid or promised to be paid to any person whatever, other than the above-named party or parties and the attorneys of record herein, except, (here state all exceptions, OR IF NONE STATE 'NO EXCEPTIONS') _____.

_____
　　　　　　　　　　AFFIANT
　　　　　　　　　　[Notary]."

After the clerk refused to accept the dissolution petition, the plaintiff commenced the present action seeking a writ of *mandamus* to force the clerk to accept the petition.

In reversing the circuit court's dismissal of the complaint, the appellate court held that because it conflicted with other supreme court rules, Rule 0.7 violated Supreme Court Rule 21(a), which states that "a majority of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State, and which, so far as practicable, shall be uniform throughout the State" (107 Ill. 2d R. 21(a)). Specifically, the court found that Rule 0.7 attempted to enforce compliance with Supreme Court Rules 2—103 and 5—103 of the Code of Professional Responsibility (107 Ill. 2d Rules 2—103, 5—103). Rule 2—103 prohibits attorneys from initiating contact with prospective clients except in narrowly proscribed circumstances. (107 Ill. 2d R. 2—103.) Rule 5—103 prohibits attorneys from acquiring a proprietary interest in the cause of action or subject matter of litigation they are conducting for a client, except for acquiring a lien to secure their fees or contracting with a client for a reasonable contingent fee. (107 Ill. 2d R. 5—103(a).) Rule 5—103 also forbids lawyers from advancing or guaranteeing financial assistance to clients, except in several narrow exceptions. (107 Ill. 2d R. 5—103(b).) The court noted that the field of attorney conduct and discipline "has been preempted by the Illinois Supreme Court's regulatory scheme." (146 Ill. App. 3d 750, 754.) Relying on *Kinsley v. Kinsley* (1944), 388 Ill. 194, the appellate court also found that Rule 0.7 created an improper requirement for litigants seeking to file suit within one of the categories of cases covered by the rule which would require an attorney's affidavit as a precondition to the filing of a complaint.

The defendants contend that Rule 0.7 is a valid exercise of the circuit court's rulemaking authority under our Rule 21(a). While admitting that Rule 0.7 seeks to promote compliance with our disciplinary rules, the defend-

ants further argue that the rule does not conflict with any rules adopted by this court. Relying on *Leonard C. Arnold, Ltd. v. Northern Trust Co.* (1987), 116 Ill. 2d 157, the defendants contend that this court has not preempted all circuit court power to promulgate rules concerning attorney conduct and discipline.

The plaintiff contends that our Rule 21 does not grant the circuit court the authority to enact Rule 0.7. He further argues that there is no connection between Rule 0.7 and the regulation of pleadings, practice or procedure in criminal and civil cases in the trial court.

It is well established that circuit courts have inherent power to enact rules governing the practice and procedure of the business conducted before them. (*Kinsley v. Kinsley* (1944), 388 Ill. 194; *People v. Callopy* (1934), 358 Ill. 11.) (See also Ill. Rev. Stat. 1985, ch. 37, par. 72.28; Ill. Rev. Stat. 1985, ch. 110, par. 1—104(b).) Circuit courts are without power to change substantive law or impose additional substantive burdens upon litigants. (*Kinsley*, 388 Ill. at 197.) Our present constitution provides that "[t]he judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." (Ill. Const. 1970, art. VI, §1.) It further provides that "general administrative and supervisory authority over all courts is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules." (Ill. Const. 1970, art. VI, §16.) Although circuit courts share some authority with this court to make rules, circuit court rules are subject to review by this court (*People ex rel. Bernat v. Bicek* (1950), 405 Ill. 510, 521) and may not conflict with this court's rules (*Bicek*, 405 Ill. at 522).

The defendants first argue that Rule 0.7 does not modify the rights of litigants, but is instead directed at attorneys. Moreover, the defendants contend, Rule 0.7 is procedural, and similar to a Nineteenth Judicial Circuit

rule which was upheld in *Leonard C. Arnold, Ltd. v. Northern Trust Co.* (1987), 116 Ill. 2d 157.

In *Arnold*, plaintiffs, two attorneys who represented a minor in a tort case, challenged the validity of Nineteenth Circuit Rule 9.20(e), subsequently revised as Rule 14.21(e). The challenged rule requires attorneys representing minors and incompetents to submit sworn petitions when their contingent fees exceed 25% of the amount collected in settlements of their client's personal injury cause of action. The rule provides that in such situations, the trial court shall fix the attorney fees at whatever amount it considers reasonable. (*Arnold*, 116 Ill. 2d at 166.) The court, by looking at the purpose and effect of the rule, held that the rule did not improperly change the substantive law, but only provided "a procedural mechanism for enforcing the restriction embodied in the substantive law." *Arnold*, 116 Ill. 2d at 167.

The court held that the rule in *Arnold* was based on the circuit court's special duty to protect minors. (*Arnold*, 116 Ill. 2d at 169.) This duty to protect the interests of minors involved in litigation encompasses the court's power to consider the reasonableness of a contingent fee established in a contract between the minor's next friend and his lawyers. *Arnold*, 116 Ill. 2d at 163.

The defendants further argue that in *Arnold* the court approved concurrent regulation of attorney conduct by this court and circuit courts. This was not the holding in *Arnold*. Rule 9.20(e) rests on a circuit court's power to protect the interest of a minor, and does not allow circuit courts to regulate and discipline attorney conduct.

This court's sole authority to regulate and discipline attorney conduct arises from our inherent power to govern admission to the practice of law in Illinois. In *In re Mitan* we said:

"As long ago as *In re Application of Day* (1899), 181 Ill. 73, this court held that it had the inherent power to govern admission to the practice of law in Illinois. It can no longer be disputed that our court possesses the inherent and exclusive power to regulate the practice of law in this State and to sanction or discipline the unprofessional conduct of attorneys admitted to practice before it. [Citations.]" *In re Mitan* (1987), 119 Ill. 2d 229, 246.

*In re Mitan* follows our earlier cases recognizing that some inherent judicial power vests exclusively in this court. (See *In re Application of Day* (1899), 181 Ill. 73; *People ex rel. Illinois State Bar Association v. Peoples Stock Yards State Bank* (1931), 344 Ill. 462; *In re Teitelbaum* (1958), 13 Ill. 2d 586; *In re Mitan* (1979), 75 Ill. 2d 118; *In re Harris* (1982), 93 Ill. 2d 285.) In *Day* the court recognized the need for uniformity in the rules governing the requirements for admission to the bar to practice law in this State. The court held that this court, not the legislature, has inherent judicial power to decide whom to admit to the bar of Illinois.

The plaintiff in *Day*, seeking admission to the bar, argued that if the power to admit attorneys to the practice of law was an inherent judicial power, circuit courts would possess such power also. Acknowledging that the power was judicial, the court responded by noting that if the supreme court did not exercise this power exclusively, the bar admission requirements could vary from circuit to circuit across the State. Restricting the judicial power to promulgate licensing standards solely to the supreme court promoted uniformity in this important area, while obviating the need for applicants to fulfill varying requirements set forth by each circuit court before which an attorney wished to practice. The court noted that the "fact that circuit courts do not exercise the powers of this court does not establish the claim that such powers are not judicial." (*Day*, 181 Ill. at 96.) Consequently, this

court has the sole authority to license attorneys to practice law in Illinois. See 107 Ill. 2d Rules 701 through 708.

This court further recognized that the power to prescribe rules governing attorney conduct, and to discipline attorneys for violating those rules, rests solely in this court. (*In re Mitan* (1987), 119 Ill. 2d 229, 246; *In re Harris* (1982), 93 Ill. 2d 285; *In re Teitelbaum* (1958), 13 Ill. 2d 586.) Consistent with this exclusive power, this court has adopted a Code of Professional Responsibility (107 Ill. 2d R. 1—101 *et seq.*), and appointed an Attorney Registration and Disciplinary Commission (ARDC) (107 Ill. 2d R. 751), along with an Administrator (107 Ill. 2d R. 752) to supervise "[t]he registration of, and disciplinary proceedings affecting, members of the Illinois bar" (107 Ill. 2d R. 751). The court has further created a procedural scheme to enhance the ARDC in performing its duties, including inquiry, hearing and review boards. (107 Ill. 2d R. 753.) The court has also provided by rule for the kind of discipline which it may implement for violation of provisions of the Code of Professional Responsibility. (107 Ill. 2d R. 771.) This court, through the use of its exclusive judicial power to prescribe rules governing attorney conduct, and to discipline attorneys for violating those rules, has created a comprehensive program to regulate attorneys and punish their misconduct.

The defendants allege that "Rule 0.7 does not require anything of attorneys that is not already required by this court's prohibitions on unethical conduct." We disagree. We believe the rule improperly intrudes into the exclusive rulemaking and disciplinary authority invested in the supreme court and imposes a greater burden on attorneys than this court now requires. Rule 0.7 requires all attorneys attempting to appear on behalf of their clients or file a complaint on behalf of their clients in criminal, quasi-criminal, traffic, personal injury and dissolu-

tion of marriage actions in Cook County to first file an affidavit of compliance. The defendants concede in their brief that Rule 0.7 is an attempt to enforce compliance with Rules 2—103 and 5—103 of the Code of Professional Responsibility (107 Ill. 2d Rules 2—103, 5—103). Rule 2—103 governs attorney communications with prospective clients, and Rule 5—103 concerns an attorney's acquiring a proprietary interest in a cause of action he is conducting. Neither rule requires an attorney to submit an affidavit of compliance to the circuit court where the attorney is filing suit or appearing on behalf of a client. By requiring attorneys to file an affidavit stating that they have complied, in essence, with Rules 2—103 and 5—103, something neither rule requires, Rule 0.7 impermissibly oversteps the bounds of a circuit court's power to promulgate rules. We find that the circuit court of Cook County was without authority to promulgate Rule 0.7, as it intrudes upon this court's exclusive judicial authority and impermissibly imposes greater requirements on attorneys in Cook County than required by our rules. Because of our disposition we find it unnecessary to address the remainder of the parties' contentions. The judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON took no part in the consideration or decision of this case.