**Morris STRAUSS, Plaintiff,**

v.

**Carl H. ROLEWICK and Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, Defendants.**

No. 88 C 2705.

United States District Court, E.D. New York.

Feb. 22, 1989.

Morris Strauss, Brooklyn, N.Y., pro se.

The Atty. Registration and Disciplinary Com'n of the Supreme Court of Illinois, Chicago, Ill., for defendants; Thomas P. Sukowicz, of counsel.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action for fraud under 28 U.S.C. § 1332 (1982), alleging that defendants misrepresented their practices and authority with respect to attorney disciplinary proceedings. Defendants move to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), and for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). Plaintiff moves to transfer venue to the Northern District of Illinois.

For purposes of the motion to dismiss, the court assumes the truth of the facts

asserted in the complaint. Plaintiff retained a Chicago lawyer named Howard N. Gilbert in 1982. Plaintiff wrote to Gilbert on November 1, 1985 with some questions about Gilbert's handling of his case, but Gilbert did not reply. Plaintiff telephoned Gilbert several times, but Gilbert still failed to respond to plaintiff's letter. Plaintiff then contacted the defendant Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois (the Commission).

The Commission sent plaintiff a brochure entitled "How a Complaint About a Lawyer Is Handled." The brochure contained the following statement: "Some complaints do not contain enough facts to justify taking disciplinary action against an attorney and, as a result, will be dismissed." Plaintiff took this statement to mean that only a few complaints would be dismissed. Encouraged by the brochure, plaintiff sent the Commission a complaint about Gilbert on December 9, 1985.

Early in 1986 plaintiff asked the Commission to send him a copy of its Annual Report. When it arrived, plaintiff tried to read it, "but it was printed in an almost illegible light red."

Plaintiff wrote to Gilbert on December 5, 1985 and January 2, 1986 to ask questions about his bills. Gilbert failed to answer the letters. Plaintiff notified Susan D. Shivers, the Commission representative assigned to his complaint, of this failure. On July 7, 1986 Shivers wrote plaintiff a letter stating: "I would like to reiterate that the Commission does not have the authority to force Mr. Gilbert to answer your letters."

"Disappointed, and realizing that [he] had been wasting [his] time," plaintiff asked to speak to someone in authority at the Commission about the percentage of complaints that the Commission acts upon. He was told that the Commission takes no action on about 95% of the complaints.

Plaintiff charges the Commission and defendant Carl H. Rolewick, the Administrator of the Commission, with fraud on three scores: for using the word "some" in their brochure in order to deceive plaintiff into thinking that there was "a good chance"

that the Commission would take disciplinary action against Gilbert; for using light red ink in their annual report for the purpose of concealing the "very small chance anyone who complains has of their taking action on his behalf"; and for permitting, sanctioning, and condoning the statement of Ms. Shivers quoted above, which is "willfully deceptive and fraudulent" and made with the purpose to defraud plaintiff of awareness of his legal rights. He seeks $35 for his actual loss and $2 million in punitive damages.

The first of many grounds for defendants' motion to dismiss is that this court does not have subject matter jurisdiction over the controversy. Defendants argue that they are alter egos of the State of Illinois and as such are not "citizens" of any state within the meaning of 28 U.S.C. § 1332.

■■■ A state is not a "citizen" for purposes of the diversity jurisdiction. *Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973) (citing *Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894)). If the state is the real party in interest, it need not be named as a party to defeat jurisdiction. An officer or an agency that is "but the arm or *alter ego* of the State" may not be sued in diversity. *State Highway Comm'n v. Utah Constr. Co.,* 278 U.S. 194, 199, 49 S.Ct. 104, 106, 73 L.Ed. 262 (1929) (emphasis in original).

■■ Among the factors to be considered in determining whether defendants are mere alter egos of the State of Illinois are whether the agency or officer performs a proprietary or a governmental function; whether it has autonomy over its operations; whether it is financially independent from the state; and the extent of the state's interest in the outcome. *See, e.g., George R. Whitten, Jr., Inc. v. State University Constr. Fund,* 493 F.2d 177, 179–80 (1st Cir.1974); *Pennsylvania Human Relations Comm'n v. USAir, Inc.,* 615 F.Supp. 75, 77 (W.D.Pa.1985) (citing *Urbano v. Board of Mgmt. of N.J. State Prison,* 415 F.2d 247, 251 (3d Cir.1969), *cert. de-*

*nied*, 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 129 (1970)).

The Rules of the Supreme Court of Illinois on Admission, Registration, Professional Responsibility and Discipline of Attorneys indicate that the members of the Commission are appointed by the Supreme Court principally for the purpose of supervising the registration and discipline of Illinois attorneys. Rule 751. The Administrator is appointed by the Court to serve as the principal executive officer of the registration and disciplinary system. Rule 752.

The regulation of legal practice in Illinois is an " 'inherent and exclusive power' " of the Supreme Court of Illinois. *People ex rel. Brazen v. Finley*, 119 Ill.2d 485, 489–90, 116 Ill.Dec. 683, 686–87, 519 N.E.2d 898, 901–02 (1988) (quoting *In re Mitan*, 119 Ill.2d 229, 246, 116 Ill.Dec. 179, 187, 518 N.E.2d 1000, 1008 (1987)). It is without doubt a governmental function traditionally performed or supervised by the judicial branch of a state government. "[T]hrough the use of its exclusive judicial power to prescribe rules governing attorney conduct," the Court appoints the Commission and the Administrator to function as part of its "comprehensive program to regulate attorneys and punish their misconduct." *Id.* 116 Ill.Dec. at 687, 519 N.E.2d at 902.

The Commission and the Administrator serve at the grace of the Supreme Court of Illinois. Any member of the Commission may be removed by the Court "at any time, without cause." The Commission must submit an annual report to the Court on "the effectiveness of the registration and disciplinary system." Rule 751. The Administrator serves "at [the Court's] pleasure." Rule 752. The Commission and the Administrator have virtually no autonomy or independence from the Supreme Court of Illinois.

The expenses of the Commission are paid from a disciplinary fund collected from members of the bar. The Commission must account to the Court for all moneys paid into and out of the fund each year and have an independent audit performed each year. Rule 751. The Administrator receives "such compensation as the Court authorizes." Rule 752. Neither the Commission nor the Administrator has any financial existence independent from the Supreme Court of Illinois, and any recovery by plaintiff would ultimately be chargeable to the state's treasury.

The State of Illinois has an obvious interest in the outcome of this litigation. If this court were to rule for plaintiff, it would in effect dictate how the judicial branch of that state is to communicate with the public regarding attorney discipline. Such a ruling would unquestionably infringe the state's sovereignty over the regulation of legal practice within its borders.

It is clear beyond doubt that defendants are "arms or alter egos" of the State of Illinois. *See Dacey v. Florida Bar, Inc.*, 414 F.2d 195, 197–98 (5th Cir.1969), *cert. denied*, 397 U.S. 909, 90 S.Ct. 906, 25 L.Ed.2d 89 (1970). As such they are not "citizens" of a state within the meaning of 28 U.S.C. § 1332, and this court has no jurisdiction to consider plaintiff's claims.

The motion to dismiss is granted. As no district court would have jurisdiction over this controversy, plaintiff's motion to transfer venue is denied.

So ordered.