EDDIE THOMAS *et al.*, Plaintiffs-Appellees, v. ESTHER LEYVA, Defendant-Appellant (Nicomede Leyva *et al.*, Defendants).

First District (3rd Division)   No. 1—93—3005

Opinion filed November 22, 1995.

Ross Roloff, of Chicago, for appellant.

Alan C. Mendelson and Helen Wong Mehok, both of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiffs, Eddie Thomas and Shnina Thomas, filed this action against defendants, Esther Leyva (Esther), Nicomede Leyva (Nicomede) and James Taylor, to recover damages for personal injuries sustained during an automobile accident. On June 1, 1991, plaintiffs were passengers in a car driven by Taylor which collided with a car that was driven by Esther and owned by Nicomede. Subsequently, plaintiffs brought suit against defendants on October 21, 1991. The case was then sent to mandatory arbitration hearing. On November 4, 1992, the arbitrators entered the following award:

"We find for the plaintiffs Shnina Thomas and Eddie Thomas and against the defendants James Taylor and Esther Leyva and award each plaintiff $5000.00 from Esther Leyva and $7500.00 from James Taylor. We find for defendant Nicomede Leyva. On counter claim of defendant Esther Leyva against James Taylor for contribution, we find for the defendant Esther Leyva."

Esther did not file a notice of rejection of the award within the 30-day period provided by Supreme Court Rule 93 (134 Ill. 2d R. 93). Esther interpreted the award to mean that she owed a total of $5,000 to all plaintiffs, or $2,500 each. The circuit court, however, held that each individual plaintiff was entitled to $5,000 (for a total of $10,000) and entered judgment accordingly on December 18, 1992.

Esther's driver's license was scheduled to be suspended on May 25, 1993, as a result of the nonpayment of the award. Thus, on May 24, 1993, five months after judgment was entered, Esther filed an emergency motion to vacate the arbitration award in the circuit court pursuant to section 12 of the Uniform Arbitration Act (Act) (Ill. Rev. Stat. 1991, ch. 10, par. 112 (now 710 ILCS 5/12 (West 1994))) which was granted that day. However, later that same day, the trial judge reinstated the judgment after discovering Esther never filed a notice of rejection as required by Supreme Court Rule 93(a) (134 Ill. 2d R. 93(a)).

On June 11, 1993, Esther moved to vacate the reinstated judgment entered on May 24, 1993, which the trial court denied. It is from this order that Esther now appeals to this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301). Nicomede and Taylor are not parties to this appeal.

■ Esther's first contention is that the trial court incorrectly

interpreted the arbitration award. This court has held that judicial review of an arbitrator's award is more limited in scope than an appellate court's review of a trial court's decision. (*Canteen Corp. v. Former Foods, Inc.* (1992), 238 Ill. App. 3d 167, 179, 606 N.E.2d 174, citing *Garver v. Ferguson* (1979), 76 Ill. 2d 1, 8, 389 N.E.2d 1181, 1183.) Once a good-faith award is announced, it will not be set aside unless " 'gross errors of judgment in law or *** gross mistake of fact *** [is] apparent upon the face of the award.' " (*Tri-City Jewish Center v. Blass Riddick Chilcode* (1987), 159 Ill. App. 3d 436, 440, quoting *Garver*, 76 Ill. 2d at 7, 389 N.E.2d at 1183.) Furthermore, a court must construe an award so as to uphold its validity whenever possible. (*Garver*, 76 Ill. 2d at 10, 389 N.E.2d at 1184.) Thus, the burden is placed on the challenger of an award to prove that the award was improper by clear and convincing evidence. *Canteen Corp.*, 238 Ill. App. 3d at 180.

■ In the present case, Esther argues that the award is ambiguous, in that it can be interpreted in two different ways. Pursuant to Esther's strained interpretation of the award, she owes each individual plaintiff $2,500 (for a total of $5,000). Esther asserts, without the benefit of citation to case law or any other relevant authority, that her interpretation of the award was justified because it was closer in its dollar amount to the actual damages sustained by plaintiffs. Additionally, Esther claims that the award did not achieve a final disposition of the issues. We could not disagree more.

With regard to the clarity of the arbitration award, it clearly states on its face that it "awards *each* plaintiff $5000.00 from Esther Leyva." Use of the term "each" clearly and unequivocally specifies that a separate and distinguishable award was given to the respective plaintiffs. In our minds, there is no other reasonable reading of this term. Moreover, our careful review of the record satisfies us that the amounts awarded to plaintiffs were in no way unreasonable and, thus, the claim by Esther that her interpretation of the award is closer to the actual damages is completely unfounded.

With respect to Esther's assertion that the award did not completely address all of the issues in the case, we find this contention wholly without merit. An arbitration award may be vacated where it does not dispose of all matters properly presented to the arbitrators for their consideration. (*Edward Electric Co. v. Automation, Inc.* (1992), 229 Ill. App. 3d 89, 593 N.E.2d 833.) A presumption exists that arbitrators consider and fully determine all matters submitted to them. (*Edward Electric Co.*, 229 Ill. App. 3d at 100.) The case at bar is in our minds a very straightforward two-car accident. Plaintiffs received an award for their injuries and Esther obtained a contribution award from Taylor. There are no other issues in the case.

■ Esther's second contention is that the trial court abused its discretion when it refused to allow Esther to reject the ambiguous arbitration award. We disagree. Supreme Court Rule 93(a) provides a 30-day period after a filing of an award whereupon a party may file a written notice of rejection of an award and request to proceed to trial. (134 Ill. 2d R. 93(a).) In the case *sub judice*, the arbitration award was filed on November 4, 1992. Esther did not file a notice of rejection of the award within the 30-day period. Consequently, the trial court entered the judgment of the award on December 18, 1992. As a result, Esther waived her right to reject the arbitration award. On May 24, 1993, Esther moved for a vacation of the judgment entered on December 18, 1992. The trial court ultimately denied her motion on the same day, concluding that there was no rational explanation why Esther had waited five months to take action. Subsequently, on June 11, 1993, Esther moved to vacate the judgment entered on May 24, 1993, this time pursuant to section 2—1301 of the Code of Civil Procedure (735 ILCS 5/2—1301 (West 1992)) and Supreme Court Rule 92(d).

■ Under 2—1301 of the Code of Civil Procedure (735 ILCS 5/2—1301(e) (West 1992)), a party may move to vacate a judgment within 30 days of its entry where the decision to grant the motion lies within the trial court's sound discretion. (*In re Marriage of Jackson* (1994), 259 Ill. App. 3d 538, 542, 631 N.E.2d 848.) Upon reviewing a motion to vacate a judgment, the overriding considerations are whether substantial justice is being done and whether, under the circumstances, compelling the other party to proceed to trial on the merits would be reasonable. (*In re Marriage of Jackson* (1994), 259 Ill. App. 3d 538, 631 N.E.2d 848.) In the case at bar, the court reasoned that Esther never properly rejected the award in the allocated time. Moreover, it would be unreasonable to compel plaintiffs to proceed to trial on the merits merely because Esther realized, months later, that the results of the judgment were not to her liking. Substantial justice will be served if there are no further delays that preclude plaintiffs from receiving payment of the agreed-upon arbitration award.

Moreover, under Rule 92(d), an award must disclose an obvious and unambiguous error in mathematics or language before a court will stay all proceedings, including the running of the 30-day period. In the present case, we have already determined that the award was not ambiguous. The trial court's interpretation was correct and will not be vacated. We find that Rule 92(d) does not apply in this case. Accordingly, we find that the trial court did not abuse its discretion in denying defendant's motion to vacate the judgment.

656

For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.