2025 IL App (1st) 221630-U

FOURTH DIVISION
JUNE 26, 2025

No. 1-22-1630

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| In re the Marriage of: | ) | Appeal from the |
| SAY T. LIOU, | ) | Circuit Court of |
| | ) | Cook County. |
|     Plaintiff-Appellee, | ) | |
|     and | ) | No. 11 D 4136 |
| | ) | |
| TIMOTHY K. LIOU, | ) | Honorable |
| | ) | Gregory E. Ahern, Jr. |
|     Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

ORDER

¶ 1    *Held*:  The circuit court's order granting the receiver's fee petitions is affirmed.

¶ 2    After approximately 15 years of marriage, Say T. Liou[1], plaintiff-appellee, filed a petition for dissolution of her marriage to Timothy K. Liou, defendant-appellant. On August 20, 2013, the

_____

[1] Although Ms. Liou is named the appellee, Mr. Liou's arguments are directed to the receiver, Mr. Levin. The receiver has filed a response brief addressing those arguments. Ms. Liou has not filed any brief in this appeal.

trial court appointed a receiver, Neal H. Levin, to wind down Mr. Liou's firm since he had been suspended from the practice of bankruptcy law. When the receiver filed his fee applications, Mr. Liou objected citing the receiver failed to comply with various rules and the receiver and his agents inflated their bills. On appeal, Mr. Liou argues the trial court erred by: (1) failing to comply with Illinois Supreme Court Rule 776; (2) granting the fee application despite the receiver's failure to comply with the bankruptcy court's order; (3) failing to comply with Circuit Court of Cook County Rule 8.2; (4) allowing the receiver and his agents to block bill their fees, and (5) granting the fee petitions despite the receiver's alleged malfeasance. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                                  BACKGROUND

¶ 4     Mr. and Ms. Liou married in 1996. Mr. Liou had his own practice concentrating mostly on bankruptcy matters in the United States Bankruptcy Court for the Northern District of Illinois. In April 2011, Ms. Liou filed a petition for dissolution of the marriage. In August 2013, during the pendency of the divorce proceedings, the bankruptcy court permanently suspended Mr. Liou from practicing before it. For a full recitation of the facts leading up to the initial appeal in this matter, see *In re Marriage of Liou*, 2016 IL App (1st) 141935-U.

¶ 5     On August 20, 2013, the trial court handling the divorce proceedings appointed Neal H. Levin as the receiver for Mr. Liou's law firm, pursuant to a motion to appoint a receiver by Ms. Liou. The order entitled Mr. Levin to bill at a rate of $595 per hour plus necessary costs. In the order, the court stated, "[t]he Receiver shall take actions consistent with Supreme Court Rule 776(b) subject to further instruction of the U.S. Bankruptcy Court in Case No. 12 MP 90002." Mr. Levin took possession of the law firm and began winding down the firm's operations. Among the

winding down process was the sale of the firm's office space. Mr. Liou made multiple efforts to delay the sale until the court entered an order on October 11, 2013, explicitly granting Mr. Levin power to effectuate the sale. In December 2013, the receiver filed his first fee application, which detailed his work to market the property and wind down the firm's operations. On January 2, 2014, the office space was sold for three million dollars.

¶ 6    In March 2014, the parties entered into a marital settlement agreement (MSA). The MSA detailed that only $220,000 of the law firm's available funds could be applied to the receiver's fees and expenses. The MSA specified that Mr. Liou would be responsible for "all remaining debts and liabilities related to the Liou Law Firm." On April 3, 2014, the receiver filed his final fee application. On April 14, 2014, Mr. Liou filed objections to the fee applications.

¶ 7    The trial court allowed Mr. Liou to briefly question the receiver. During the middle of the examination, the court ended the questioning and granted the fee applications. Mr. Liou appealed the order granting the applications arguing he should have been granted a full evidentiary hearing. This court agreed and reversed the orders, remanding the case for an evidentiary hearing.

¶ 8    On remand, the trial court held a full evidentiary hearing. During the evidentiary hearing, four witnesses testified—Brian Smith, Jacqueline Webster, Fred Fishman, and the receiver.

¶ 9    Mr. Smith testified he has worked as a tax and corporate lawyer for the receiver's firm for over 18 years. He explained that his billing was accurate.

¶ 10    Ms. Webster stated she has been a paralegal with the receiver's firm for over 10 years. She testified that she was primarily responsible for filing documents and for creating a claim chart regarding potential claims against Mr. Liou's firm from its former clients. She said that she entered her time billed on the matter accurately and within a day of working on the matter.

¶ 11     Mr. Fishman testified that he has been the Intelligence Director at the receiver's firm. For the past nine years. His work on this matter consisted of a background investigation of Mr. Liou and his firm, forensic examination of Mr. Liou's firm servers, and examination of documents to see if any assets or documents were taken before the receiver took possession of Mr. Liou's firm. The review of the servers showed unauthorized access to Mr. Liou's firm and saw bank records and documents that Mr. Liou attempted to delete after the order appointing the receiver. Additionally, he discovered that Mr. Liou kept two sets of books for his firm and, after the receivership order was entered, someone tried to remove evidence of the second set of books.

¶ 12     The receiver, Mr. Levin, testified about the roles of the timekeepers who were not called. He stated that all the work was necessary to execute his duties as a receiver. He explained that he reviewed all the bills connected to the fee petitions and believed the rates were reasonable and accurately reflected the services provided.

¶ 13     Mr. Liou testified that the law firm's office space was undervalued and the receiver sold the property for too low of a price. Mr. Liou admitted he was convicted of a crime involving dishonesty and consented to disbarment from the Illinois Bar due to fraudulent conduct toward his clients. He argued that the receiver breached his fiduciary duty to the marital estate and overstepped his duties by cooperating with the authorities to obtain information regarding Mr. Liou's criminal liability.

¶ 14     On September 29, 2022, the trial court entered a written order regarding the fee applications. The trial court found that the rates in the fee applications were reasonable, and the billed amounts were consistent with the efforts put into the project by the firm given Mr. Liou's

attempts to impede the receiver's ability to wind down the firm. The court granted both fee applications. On October 28, 2022, Mr. Liou filed his notice of appeal.

¶ 15                                          ANALYSIS

¶ 16    We note that we have jurisdiction to consider this matter, as Mr. Liou filed a timely notice of appeal. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 17    Mr. Liou argues that the trial court erred by not following the compensation outlined in Illinois Supreme Court Rule 776 and erred by granting the fee applications.

¶ 18    "A 'receiver' is an indifferent person appointed by the court on behalf of all parties to take possession and hold property for the benefit of the party ultimately entitled." *In re Marriage of Pick*, 167 Ill. App. 3d 294, 299 (1988). "[T]he Marriage Act grants trial courts broad equitable powers, including 'mak[ing] provision for the preservation and conservation of marital assets during the litigation.' " *In re Marriage of Padilla and Kowalski*, 2022 IL App (1st) 200815, ¶ 25. The purpose of appointing a receiver is "to prevent injury and avoid injustice" and "rests largely in the discretion of the trial court." *Pick*, 167 Ill. App. 3d at 299.

¶ 19    Citing Illinois Supreme Court Rule 776, Mr. Liou argues that the receiver was appointed under that authority, and thus, bound by that rule.

¶ 20    Rule 776 states that:

>        "Where it comes to the attention of the circuit court in any judicial circuit from any source that a lawyer in the circuit is unable properly to discharge his or her responsibilities to his or her clients due to disability, disappearance or death, and that no partner, associate, executor or other responsible party capable of conducting the lawyer's affairs is known to exist, then, upon such showing, the presiding judge

in the judicial circuit in which the lawyer maintained his or her practice, or the Supreme Court, may appoint an attorney from the same judicial circuit to serve as a receiver to perform certain duties hereafter enumerated." Ill. S. Ct. R. 776(a) (eff. Feb. 1, 2018)

Section b of Rule 776 details the duties of the receiver. It states that:

"as expeditiously as possible, the receiver shall take custody of and make an inventory of the lawyer's files, notify the lawyer's clients in all pending cases as to the lawyer's disability, or inability to continue legal representation, and recommend prompt substitution of attorneys, take appropriate steps to sequester client funds of the lawyer, and to take whatever other action is indicated to protect the interests of the attorney, his or her clients, or other affected parties." Ill. S. Ct. R. 776(b) (eff. Feb. 1, 2018).

¶ 21 The question is whether the receiver was appointed under Rule 776 or through the trial court's inherent authority to preserve marital assets. To determine that, we look to the language of the appointment order of the receiver.

¶ 22 The trial court's order stated "[p]arties to enter order appointing an attorney as receiver with experience in law firm receivership." The appointment order specified that the receiver "shall have the power and authority to preserve and protect Liou Law Firm, including the power and authority to *** [t]ake control over the management and operation of Liou Law Firm." The order also entitled the receiver to compensation at "his standard hourly rate of $595/hour plus necessary costs." The order stated that the receiver "shall take actions consistent with Supreme Court Rule 776(b) subject to further instruction" of the bankruptcy court.

¶ 23    Rule 776(e) states that "[t]he receiver shall normally serve without compensation" unless the "nature of the receivership was extraordinary and that failure to award compensation would work substantial hardship on the receiver." Ill. S. Ct. R. 776(e) (eff. Feb. 1, 2018). Compensation based on that rule will only be awarded "to the extent that the efforts of the receiver have exceeded those normally required in an amount to be determined by the court." Ill. S. Ct. R. 776(e) (eff. Feb. 1, 2018).

¶ 24    The trial court set a compensation amount for the receiver in its initial order, which was not contingent on the nature of the receivership being extraordinary or a hardship on the receiver. However, the court explicitly sought to appoint a receiver with experience in receiverships of law firms and showed its awareness of Rule 776 by asking that the receiver serve in accordance with the duties outlined in Rule 776(b). Notably, the court did not state that it was appointing the receiver under Rule 776 or due to a disability of Mr. Liou. While it is arguable that the trial court could have appointed a receiver under Rule 776, there is no indication that the trial court sought to appoint a receiver under any authority other than its power to preserve marital assets. Therefore, we do not find that the trial court erred by not following the procedures of Rule 776.

¶ 25    Mr. Liou argues that the trial court failed to follow the procedures outlined by the bankruptcy court. Mr. Liou did not bring this argument before the trial court; thus, the argument is forfeited. *Allstate Property and Casualty Insurance Co. v. Trujillo*, 2014 IL App (1st) 123419, ¶ 17 (stating arguments raised for the first time on appeal are forfeited). Even if we were to excuse the forfeiture, "[i]t is well settled that federal decisions are not binding on Illinois state courts." *Werderman v. Liberty Ventures, LLC*, 368 Ill. App. 3d 78, 84 (2006). As such, the bankruptcy court had no ability to impede the trial court's management of its case, when preserving marital

assets, and the trial court had no obligation to follow the bankruptcy court's posttrial order. As the receiver was appointed by the trial court, the bankruptcy court had no jurisdiction over the receiver or its agents.

¶ 26    Mr. Liou contends that the trial court did not enforce Rule 8.2 of the Circuit Court of Cook County, which requires that a written motion is filed by the receiver detailing the reasons for the appointment of an attorney. Rule 8.2, Rules of Circuit Court of Cook County, effective July 1, 1976.

¶ 27    "An attorney for the receiver shall be employed only upon order of the court, upon written motion of the receiver stating the reasons for the requested employment." Rule 8.2, Rules of Circuit Court of Cook County, effective July 1, 1976. "Circuit courts possess inherent authority to enact and enforce rules regulating their calendars and dockets as long as those rules do not conflict with statutes or supreme court rules." *In Re Marriage of Jackson*, 259 Ill. App. 3d 538, 543. Reviewing courts "will not interfere with the trial court's exercise of its authority under the local rules in the absence of facts constituting an abuse of discretion." *Jackson*, 259 Ill. App. 3d at 543.

¶ 28    As stated, receivers are uninterested individuals who are appointed by the trial court on behalf of the parties to preserve property. Nothing within Rule 8 requires that attorneys are appointed as receivers and as a result, normally there needs to be a unique reason for their involvement in the proceedings. However, in this circumstance the property in question was a law firm, which required the appointment of an attorney to preserve the property and mitigate any losses. Accordingly, Rule 8.2 implications, while appropriate for receiverships not involving law firms, are more complicated when law firms are the property in question. To mitigate the losses of

a law firm, an attorney needs to act as a receiver. It naturally follows that other attorneys would work with the receiver, who is an attorney, to facilitate that process. Rule 8.2 is meant to limit the use of attorneys in a receivership and have trial courts assess whether it is necessary to appoint one. Rule 8.2 was not intended to limit the use of attorneys if the property in question is a law firm. Moreover, in this case, the trial court entered an order allowing the receiver to hire any employees or agents that he needed to perform his duties. Therefore, we do not find the trial court abused its discretion when each attorney working on the case was not requested by motion of the receiver.

¶ 29     Mr. Liou argues that the trial court erred by granting the fee petitions in full, because the bills were bundled instead of itemized.

¶ 30     "The trial court's decision regarding attorney fees will not be reversed on appeal absent an abuse of discretion." *In re Marriage of Shinn*, 313 Ill. App. 3d 317, 323 (2000). "[I]f the attorney presents sufficient evidence to allow the trial court to determine a reasonable fee for her services," he or she does not need to keep detailed contemporaneous time records. *In re Marriage of Shinn*, 313 Ill. App. 3d 317, 323 (2000). "[T]he burden of proof is on the attorney to establish the value of his services; an appropriate fee consists of reasonable charges for reasonable services." *Shinn*, 313 Ill. App. 3d at 323. A trial court is not required to tell with precision that all work performed by a law firm was reasonable but only have a detailed understanding of what work was done and why. *In re Marriage of Nesbitt*, 377 Ill. App. 3d 649, 659 (2007).

¶ 31     The trial court held hearings on two separate occasions and allowed Mr. Liou to question any witness regarding the alleged discrepancies in the billing. The court noted the extraordinary efforts made by the receiver because of Mr. Liou's attempts to undermine the receiver's work such as hiding financial information, attempting to delete client information, and impeding attempts to

sell the office space. This led to increased costs for the receiver which was ultimately billed to Mr. Liou. Mr. Liou had a full opportunity to cross-examine witnesses and highlight any issues in the billing. Despite the hearing, the trial court found that the receiver's witnesses were credible and that the billing amounts were appropriate. Mr. Liou, on the other hand, was deemed not credible. We accept a trial court's determination regarding credibility unless it is against the manifest weight of the evidence. See *Jameson v. Williams*, 2020 IL App (3d) 2000048, ¶ 51 ("It is well settled that a reviewing court's function is not to reweigh the evidence or assess witness credibility and set aside the circuit court's decision simply because a different conclusion may have been drawn from the evidence."). Nothing within the record gives us reason to doubt the trial court's credibility assessments. Moreover, Mr. Liou does not offer anything other than the fact that the billing was bundled to show that the trial court did not have a detailed understanding of the work performed by the receiver and his agents. Therefore, we find that the trial court did not err by finding that the bills were reasonable.

¶ 32     Mr. Liou argues that the trial court erred by granting the receiver's final fee petition, citing the receiver's alleged malfeasance causing loss to the property. However, as stated, there is no evidence that there was any diminishment of the property under the receiver's control. Moreover, the trial court stated any issues with the management of the firm or increased costs of the receiver came from Mr. Liou's interference with the receivership. As such, Mr. Liou's argument lacks merit, and we find the trial court did not err.

¶ 33                                  CONCLUSION

¶ 34     For the foregoing reasons, we affirm the order of the circuit court of Cook County granting the receiver's fee petitions.

¶ 35    Affirmed.