2023 IL App (4th) 220488

NO. 4-22-0488

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 26, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* ESTATE OF GLEN E. JOHNSON, Deceased, | ) | Appeal from the |
| | ) | Circuit Court of |
| (Ray B. Johnson, Petitioner-Appellant v. Patty J. | ) | Warren County |
| Johnson, Melissa Flower, Ashley Dermer, Jennifer | ) | No. 20P8 |
| Jensen, and Eric Nicol, Respondents-Appellees.). | ) | |
| | ) | Honorable |
| | ) | James R. Standard, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court, with opinion.
Presiding Justice DeArmond and Justice Turner concurred in the judgment and opinion.

**OPINION**

¶ 1        When Glen Johnson (decedent) died, he was survived by four children he adopted when they were adults. His will, which was prepared prior to the adoptions, left his estate to his brother Ray B. Johnson and made no provision for any of his adopted children. The circuit court entered summary judgment in favor of the adopted children on their claim for declaratory relief, ruling they were entitled to share in the estate as if decedent had died intestate pursuant to section 4-10 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/4-10 (West 2020)). Ray now appeals.

¶ 2        We affirm.

¶ 3                              I. BACKGROUND

¶ 4　　　　We summarize here only those facts necessary to resolution of the issues presented. Decedent executed his will on February 2, 2001. The will devises all of decedent's estate to his brother Ray. At the time, decedent had been in a relationship with respondent Patricia Johnson but was unmarried and had no children. In an affidavit, Ray stated that he believed that decedent "felt" that each of the two brothers would name the other as the sole beneficiary of his will in order for the farming operations to go to the survivor of the two. Ray further stated his awareness that decedent was providing for Patricia through life insurance of approximately $500,000 and other investments.

¶ 5　　　　In 2004, decedent married Patricia, and the two began to cohabit. Ray's affidavit claims that decedent's role in the lives of Patricia's children was strained, not active. He stated that decedent "did not feel that the children wanted anything to do with him unless they wanted money." Decedent was stressed by threats Johnson made to divorce him, which occurred several times before the adoptions.

¶ 6　　　　On June 13, 2012, decedent adopted Patricia's four adult children: Melissa Flower, Ashley Dermer, Jennifer Jensen, and Eric Nicol (respondents). The order of adoption entered in the adoption case, Adams County case No. 12-AD-6, recited that, "[f]or purposes of inheritance and all other legal incidents and consequences it shall be the same as if [respondents] had been born" to respondent and Patricia. There is a factual dispute as to whether decedent was aware of this language.

¶ 7　　　　Decedent died December 29, 2020, and was survived by Patricia and respondents. After successfully petitioning the circuit to court to open an estate for decedent, Ray was appointed independent executor of his late brother's estate.

¶ 8          On April 14, 2021, Patricia filed a renunciation of decedent's will and election to take her statutory spousal share pursuant to section 2-8 of the Probate Act (*id.* § 2-8). On April 23, 2021, respondents filed a petition seeking a declaration that, having been adopted by decedent after execution of his will but not being provided for, they were entitled to be awarded a share of decedent's estate pursuant to section 4-10 of the Probate Act (*id.* § 4-10).

¶ 9          On August 24, 2021, respondents filed their motion for summary judgment on their petition for declaratory judgment. Respondents argued that, because they were adopted after the execution of a will that made no provision for them, they were entitled to the portion of decedent's estate that they would have received if he had died intestate pursuant to section 4-10. Ray argued that the adoptions were a subterfuge and could not operate to establish respondents' right to inherit.

¶ 10          In deciding the motion for summary judgment, the circuit court stated that it was required "to consider what issues are legitimately arguable or exist" and that "the direct issue here is the effect of 755 ILCS 5/4-10." Finding that there was no genuine issue of material fact, the circuit court entered summary judgment and found that respondents were entitled to receive the portion of the estate to which they would have been entitled if decedent had died intestate pursuant to section 4-10. Ray now appeals.

¶ 11                                    II. ANALYSIS

¶ 12          On appeal, there is no disagreement among the parties that section 4-10 normally allows a child born after the execution of a will, but who is neither provided for nor excluded by the will, to elect to receive as through decedent died intestate. *Id.* There is also no disagreement about the fact that this rule generally applies to adopted children as well as natural-born children. The parties disagree, however, about whether an exception applies if the adoption of respondents in their adulthood constitutes a subterfuge.

¶ 13                                    A. Jurisdiction

¶ 14        Ray claims that the circuit court's order granting summary judgment constitutes a final order and establishes appellate jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017). Respondents do not challenge Ray's statement of jurisdiction. However, this court has an independent obligation to consider its own jurisdiction. *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542 (2011).

¶ 15        The declaratory judgment action initiated by respondents was filed within the probate case. It was not the only matter being heard as part of the probate case, which according to the record before us remains pending and active. Though the summary judgment order may have been a final determination of the rights of the parties insofar as the declaratory action was concerned, there was no finding made by the circuit court pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). However, we note that Rule 304(b)(1) provides than a "judgment or order entered in the administration of an estate *** which finally determines a right or status of a party" is appealable without a Rule 304(a) finding. Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016); see *In re Estate of Jackson*, 354 Ill. App. 3d 616, 618-19 (2004). Consequently, we conclude that we have jurisdiction to address the merits of this appeal.

¶ 16                        B. Standard of Review on Summary Judgment

¶ 17        Summary judgment is properly granted when the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lewis v. OSF Healthcare System*, 2022 IL App (4th) 220016, ¶ 37; 735 ILCS 5/2-1005(c) (West 2020). When determining whether a genuine issue of material fact exists, the court must construe all pleadings and attachments strictly against the moving party and liberally

in favor of the nonmoving party. *Lewis*, 2022 IL App (4th) 220016, ¶ 38. Where a question of law is determinative of a case, summary judgment is a proper remedy. *Reynolds v. Decatur Memorial Hospital*, 277 Ill. App. 3d 80, 84 (1996). Review of a circuit court's entry of summary judgment is *de novo*. *Lewis*, 2022 IL App (4th) 220016, ¶ 38.

¶ 18                    C. Inheritance by After-Born or After-Adopted Children

¶ 19          Although decedents enjoy considerable latitude in creating a will that effects their desires, after-born children require particular attention in a testamentary scheme:

> "The public policy of the state of Illinois as expressed in the Probate Act is *** one of broad testamentary freedom, constrained only by the rights granted to a surviving spouse and the need to expressly disinherit a child born after execution of the will if that is the testator's desire." *In re Estate of Feinberg*, 235 Ill. 2d 256, 267 (2009).

It is the latter issue—the treatment of a child "born" after the execution of a will—which concerns us here.

¶ 20          If decedent had fathered children after the execution of his will in 2001, statute tells us the effect:

> "Unless provision is made in the will for a child of the testator born after the will is executed or unless it appears by the will that it was the intention of the testator to disinherit the child, the child is entitled to receive the portion of the estate to which he would be entitled if the testator died intestate and all legacies shall abate proportionately therefor." 755 ILCS 5/4-10 (West 2020).

In other words, had decedent fathered children after preparation of his will, and if the will reflected no intention to prospectively disinherit such future children, such after-born children would have had the right to share in the estate as if decedent had died intestate. *Id.*

¶ 21     Of course, we know that decedent did not father children after the date of his will, but he did adopt children. Once again, statute tells us how to determine whether adopted children are treated in the same manner as natural-born children, with special attention to the effect of adopting an adult:

> "An adopted child is a descendant of the adopting parent for purposes of inheritance from the adopting parent and from the lineal and collateral kindred of the adopting parent and for the purpose of determining the property rights of any person under any instrument, *unless the adopted child is adopted after attaining the age of 18 years and the child never resided with the adopting parent before attaining the age of 18 years, in which case the adopted child is a child of the adopting parent* but is not a descendant of the adopting parent for the purposes of inheriting from the lineal or collateral kindred of the adopting parent." (Emphasis added.) *Id.* § 2-4(a).

¶ 22     In this case, it is undisputed that respondents were adopted after attaining the age of 18 years and did not reside with decedent, their adoptive parent, prior to adoption. While these facts would defeat respondents' right to inherit from decedent's lineal or collateral kin, they are still treated as heirs of decedent for purposes of inheriting from *him*. As such, because they are neither provided for in decedent's will nor explicitly disinherited, they have the right under section 4-10 to elect to receive the share of decedent's estate they would have received in the case of intestacy. *Id.* § 4-10.

¶ 23          D. The Limited-Use Subterfuge Exception

¶ 24        The limitation on the inheritance rights of adult adoptees was added to section 2-4 in 1998 by Public Act 90-237. See Pub. Act 90-237, § 5 (eff. Jan. 1, 1998) (amending 755 ILCS 5/2-4). Prior to this amendment, the statute did not speak to whether adult adoptees would be treated any differently than persons adopted while minors. The issue was addressed as a matter of judicial trust construction in *Cross v. Cross*, 177 Ill. App. 3d 588, 591 (1988), where a new principle was established: "The adoption of an adult solely for the purpose of making him an heir of an ancestor under the terms of a testamentary instrument known and in existence at the time of the adoption is an act of subterfuge."

¶ 25        Although it has been said that the 1998 amendment to section 2-4 was intended to "codify" the rule laid down in *Cross* (*Faville v. Burns*, 2011 IL App (1st) 110335, ¶ 22), this may not be precisely accurate. *Cross* and the statutory amendment addressed the same issue, but the approaches taken by the two are materially different. *Cross* suggests a fact-intensive inquiry into whether an adoption is a subterfuge, while the 1998 statutory amendment sets forth a clear dividing line: the adult adoptee is a descendant of the adoptive parent for purposes of inheritance, but not of "lineal or collateral kindred of the adopting parent." 755 ILCS 5/2-4(a) (West 2020).

¶ 26        Indeed, it is a fair question whether *Cross*'s subterfuge analysis is still valid in any case where the amendment applies. The amendment declares itself applicable for purposes of inheritance to decedents who die on or after January 1, 1998, and to instruments executed on or after January 1, 1998, for purposes of determining property rights under those instruments. *Id.* The cases that followed *Cross* and applied its subterfuge analysis failed to meet these criteria, so applying *Cross* instead of the inapplicable statutory amendment was appropriate in those cases. See, *e.g.*, *In re Estate & Trust of Weidner*, 2016 IL App (4th) 160306, ¶ 5 (trust agreements executed prior to 1998); *Dixon v. Weitekamp-Diller*, 2012 IL App (4th) 120209, ¶ 8 (trust

agreements executed prior to 1998). Here, the statutory amendment clearly applies, so there is no need to examine the subterfuge exception.

¶ 27        Furthermore, even if the subterfuge exception were examined, it would be nonsensical to apply it to this case. In *Cross*, *Weidner*, and *Dixon*, the adopting parent was not also the deceased settlor of the trust. In this case, it was decedent's *own act* of adopting respondents in their adulthood that gives rise to Ray's argument of subterfuge. It can hardly be said that decedent undertook the adoptions to trick himself. He could have changed his testamentary scheme to specifically exclude the adopted children if that were his intention, but he never did so. This deficiency cannot be cured by extrinsic evidence of intent. "A will cannot be reformed to conform to any intention of the testator not expressed in it, no matter how clearly a different intention may be proved by extrinsic evidence." *Turek v. Mahoney*, 407 Ill. 476, 482 (1950). A testator must "expressly disinherit a child born after execution of the will if that is the testator's desire" (*Feinberg*, 235 Ill. 2d at 267), and the same is true with respect to children, including adult children, adopted after execution of the will.

¶ 28                                III. CONCLUSION

¶ 29        For the reasons stated above, the circuit court's entry of summary judgment in favor of respondents on their claim for declaratory relief is affirmed.

¶ 30        Affirmed.

*In re Estate of Johnson*, 2023 IL App (4th) 220488

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Warren County, No. 20-P-105; the Hon. James R. Standard, Judge, presiding. |
| **Attorneys for Appellant:** | Timothy D. Roberts, of Anderson, Roberts, Porth, Wallace, Stewart & Werner, LLP, of Burlington, Iowa, for appellant. |
| **Attorneys for Appellee:** | Marcum A. Spears, of Spears and Spears, of Monmouth, for appellees. |