NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 230125-U

NO. 4-23-0125

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* Peoria County Administrative Order 2023-02, | ) | Appeal from the |
| | ) | Circuit Court of |
| (Jason Cohee, Appellant). | ) | Peoria County |
| | ) | AO 2023-02 |
| | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Presiding Justice DeArmond and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss the appeal for a lack of appellate jurisdiction.

¶ 2        This is not an appeal from a case in the circuit court. Instead, Jason Cohee purports to appeal from an administrative order of the chief judge of the Tenth Judicial Circuit restricting Cohee's activities on his cases in that circuit. Specifically, the order dictates requirements for filing and service of pleadings, and it restricts Cohee's access to court proceedings via remote means. After examining the unusual nature of this matter, we find that we lack jurisdiction and therefore dismiss the appeal.

¶ 3                          I. BACKGROUND

¶ 4        The only record in this case is the one-page administrative order entered by the chief judge on February 2, 2023. The administrative order begins by reciting that Cohee "has been

inappropriately corresponding via email with the State's Attorney's Office, the Chief Judge, Circuit Clerk's Office and various other court personnel concerning pending matters." *In re Jason Cohee*, Peoria County Cir. Ct. Adm. Order No. 2023-02 (Feb. 2, 2023). The chief judge found that such communications had constituted "abuse," "harassment," and "a burden on various court offices." Relying on the court's "inherent powers and constitutional obligation to protect the jurisdiction from conduct which impairs or interferes with the ability to carry out judicial functions," the chief judge entered the administrative order Cohee seeks to put at issue in this appeal.

¶ 5        The administrative order consisted of three provisions. First, the chief judge ordered that anything Cohee wished to file should be delivered to the circuit clerk via United States mail. Second, the chief judge ordered that e-mail communications from Cohee would not be considered filings in the clerk's record, nor would they constitute notice to the other party in the litigation. Cohee was also ordered to stop sending emails to court personnel. Finally, due to "repeated posting of court proceedings on social media," Cohee was ordered to appear in person for future court dates, as opposed to appearing remotely.

¶ 6        Cohee filed his notice of appeal on February 10, 2023.

¶ 7                                        II. ANALYSIS

¶ 8        Cohee raises two issues on appeal. First, he argues that he was denied due process in connection with the issuance of the administrative order because there was no complaint, summons, or hearing. Second, Cohee invokes the concept of the constitutional separation of powers, but the relationship of the argument to this case is difficult to decipher.

¶ 9        We note that no brief has been filed by the appellee in this case, but this is not necessarily an impediment to appellate review. See *First Capitol Mortgage Corp. v. Talandis*

*Construction Corp.*, 63 Ill. 2d 128, 133 (1976). But most revealing is the reason that there is no appellee brief: there is no appellee. This, in turn, is because there was no defendant below. In fact, despite labeling himself on his brief as "Plaintiff-Appellant," Cohee is not a plaintiff, because he filed no action in the circuit court. And that is the heart of the issue with which this court must first wrestle: this is an appeal not from a case or controversy in the circuit court, but from an administrative order issued by the chief judge untethered to any specific litigation. Surely the administrative order affects Cohee, but the question of whether, when, and how that order might be appealed is a complicated one.

¶ 10        The nature of the order entered here is certainly familiar within the context of a given case: "It is well settled that courts of this state may take measures to restrain litigants from maintaining vexatious litigation." *People v. Austin*, 2014 IL App (4th) 140408, ¶ 24. This case, however, presents not an order entered by the judge presiding in the case, but an administrative order entered by the chief judge of the circuit. See Ill. S. Ct. R. 21(e) (eff. Jan. 1, 2023) (authorizing chief judges to enter orders in the exercise of their administrative authority). Cohee assumes that an administrative order can be directly appealed to this court, but he provides no authority for that proposition.

¶ 11        We do not suggest that administrative orders are beyond judicial review. See, *e.g.*, *U.S. Bank, N.A., v. Dzis*, 2011 IL App (1st) 102812, ¶ 41 (finding in an appeal from a foreclosure judgment, the defendant was permitted to challenge the validity of a general administrative order issued by the presiding judge). However, Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) speaks to appeals from final judgments "in a jury or a nonjury case." Here, as noted above, there is no "case" from which to appeal, much less a final judgment. Even if the administrative order were considered interlocutory, "[o]rders of the circuit court that regulate only the procedural

details of the litigation before the court, which thus can be properly characterized as merely 'ministerial' or 'administrative,' cannot be the subject of an interlocutory appeal." *Short Brothers Construction, Inc. v. Korte & Luitjohan Contractors, Inc.*, 356 Ill. App. 3d 958, 960 (2005).

¶ 12　　　　This court has an independent obligation to consider its own jurisdiction. *In re Estate of Johnson*, 2023 IL App (4th) 220488, ¶ 14. As there is no final judgment and no appealable interlocutory order from the circuit court, this court lacks jurisdiction over Cohee's appeal. Consequently, the appeal must be dismissed.

¶ 13　　　　　　　　　　　III. CONCLUSION

¶ 14　　　　For the reasons stated above, the appeal is dismissed for lack of appellate jurisdiction.

¶ 15　　　　Appeal dismissed.